IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

U.S. District Court
Wisconsin Eastern

OCT 05 2026

FILED
Clerk of Court

CINDY L. FRYDA
4481 Florentine Ln.
Frisco, TX 75034

Plaintiff,

v.

Case Number: ______________________

U.S. VENTURE, INC.
425 Better Way
Appleton, WI 54915

Defendant.

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

## A. PARTIES

1. Plaintiff Cindy L. Fryda ("Plaintiff") is a resident of Texas and resides at 4481 Florentine Ln, Frisco, Texas.

2. At the time of the events of this complaint, Plaintiff was a resident of Wisconsin at 215 Main St., Neenah, Wisconsin.

3. Defendant U.S. Venture, Inc. ("Defendant") is a business in Wisconsin with its principal place of business located at 425 Better Way, Appleton, Wisconsin.

## B. PREREQCUISITES

4. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was accepted for filing and investigation.

5. On July 14, 2026, the EEOC issued a Notice of Right to Sue ("Right-to-Sue Letter"), which permitted Plaintiff to file a civil action within ninety (90) days of her receipt of the Right-to-Sue Letter.

6. Plaintiff commenced this action within ninety (90) days of her receipt of the Right-to-Sue Letter.

## C. STATEMENT OF CLAIM

7. Plaintiff's employment with Defendant began on January 20, 2025.

8. Plaintiff is an individual with a disability under 42 U.S.C. Section 12102(2) in that she has an impairment of anxiety.

9. On March 27, 2025, and other dates to be proven, Plaintiff advised Defendant of the disability of anxiety.

10. On April 28, 2025, Plaintiff requested the accommodation of a leave of absence to manage Plaintiff's disability.

11. On April 29, 2025, Plaintiff began a leave of absence to seek treatment.

12. Plaintiff spent thirty (30) days in treatment with the intention of returning to work on June 9, 2025.

13. On June 9, 2025, Plaintiff returned to work and was terminated by Defendant.

14. Defendant's termination of Plaintiff for taking a leave of absence was discrimination against people with disabilities and a denial of an accommodation under the Americans with Disabilities Act.

15. Defendant's termination of Plaintiff was in retaliation for requesting accommodation in the form of a leave of absence.

## D. JURISDICTION

16. The Plaintiff has jurisdiction in this case pursuant to 28 U.S.C. Section 1331.

## E. RELIEF REQUESTED

17. Plaintiff respectfully requests a judgment against the Defendant:

a. Declaring the Defendant violated 42 U.S.C. Section 12102(2) by not providing Plaintiff, a qualified individual with a disability, with the accommodation of a leave of absence in order to perform the essential functions of Plaintiff's position. Defendant further violated 42 U.S.C. Section 12102(2) by retaliating against Plaintiff for requesting a leave of absence as an accommodation that would allow Plaintiff to perform the essential functions of the job for which she was hired;

b. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

c. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

d. Awarding Plaintiff punitive damages;

e. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of this action;

f. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

**E. JURY DEMAND**

18. The Plaintiff requests a Jury Trial in this case.

Dated this 2nd day of October, 2026.

Respectfully Submitted,
/s/ Cindy L. Fryda
Cindy L. Fryda
4481 Florentine Ln.
Frisco, TX 75034
414-207-7576